REEVES *v.* SAINT LOUIS-SAN FRANCISCO RAILWAY COMPANY.

Opinion delivered October 18, 1926.

1. APPEAL AND ERROR—DIRECTION OF VERDICT—TEST OF SUFFICIENCY OF EVIDENCE.—On appeal from a judgment based on a directed verdict, in testing the legal sufficiency of the evidence, it must be viewed in the light most favorable to appellant.

2. RAILROADS—ORIGIN OF FIRE—PRESUMPTION.—In the absence of direct and positive testimony as to the origin of a fire, which consumed inflammable property situated near a railroad track soon after the passing of a locomotive, the inference may be drawn that the fire originated from sparks from such locomotive.

3. RAILROADS—ORIGIN OF FIRE—EVIDENCE.—Evidence that a pile of lumber situated near a railroad track was discovered to be on fire two or three hours after a train passed, and that it burned so slowly that it lasted for several hours before being consumed, was sufficient to justify a finding that the fire originated from sparks thrown from a locomotive.

Appeal from Mississippi Circuit Court, Chicksawba District; *W. W. Bandy,* Judge; reversed.

*J. A. Watkins,* for appellant.

*E. T. Miller, E. L. Westbrooke, Jr.,* and *E. L. Westbrooke,* for appellee.

McCULLOCH, C. J. This is an action against the railway company to recover damages arising from the destruction of property by fire communicated by sparks from a locomotive. The property consisted of lumber piled on the right-of-way of the company, placed there

by permission of the company, to be shipped out when sold. The fire occurred on December 23, 1921, and, according to the testimony adduced, there was an old loading platform, about thirty feet in length, next to the railroad track, and the lumber was piled next to this platform. There was dry grass around under the platform, and newspapers and other debris scattered about on the ground. The platform was old and out of repair. It was alleged in the complaint that the fire was communicated to the platform and thence to the lumber, or directly to the lumber, by sparks from a passing engine operated by appellee. The answer contained appropriate denials concerning the origin of the fire, and the issue was tried before a jury, but the court, at the conclusion of the introduction of testimony by appellant, directed a verdict in favor of appellee.

In testing the legal sufficiency of the evidence we must, of course, view it in the light most favorable to the cause of action of appellant. There was, as before stated, testimony to the effect that the grass around the old platform and the newspapers scattered about were dry and inflammable, and there was also testimony to the effect that the platform itself was old and dry and highly inflammable. This was sufficient to warrant the inference that sparks from a locomotive, if of sufficient size and intensity, could communicate fire to the grass or to the platform and thence to the piles of lumber.

The fire occurred at a flag station in Mississippi County, on the east side of the railroad track, and there were several families living in the immediate locality, some of them within one hundred feet of the lumber piles. Most of these residents were introduced as witnesses by appellant, and they testified that the fire was discovered between two and three o'clock in the morning; that the wind was blowing from the southwest, and that about two-thirds of the platform was consumed by the fire, and that two stacks of lumber had been partly consumed, one of them about half and the other to a considerable extent. These witnesses testified that they fought the fire, bring-

ing water from a near-by pool, and that it continued to burn until after daylight, until the two stacks had been fully consumed. They succeeded in preventing the spread of the fire to the other stack of lumber. Two other witnesses introduced by appellant testified that, on the night of the fire, they passed along the track by the platform and stacks of lumber, between eleven and twelve o'clock, and saw no evidence of smoke or fire anywhere about there. One of the witnesses, who lived near by, and who was aroused by the fire later, testified that a train passed there about twelve o'clock that night. Appellee introduced no testimony, but asked for a peremptory instruction, which was given.

We have steadily adhered to the rule that "in the absence of direct and positive testimony as to the origin of the fire which consumes inflammable property situated near a railroad track soon after the passing of a locomotive, the inference might be drawn that the fire originated from sparks from the passing locomotive." *C. R. I. & P. Ry. Co.* v. *Natl. Fire Ins. Co.,* 151 Ark. 218. Other decisions of this court are referred to in the case just cited. But it is insisted by counsel for appellee that none of our cases apply, for the reason that, in the various opinions of the court, it appears that the fire occurred within a very short space of time after the train passed, whereas in the present case the fire was discovered two or three hours after the train passed. This distinction, however, relates more to the weight of the evidence than to its legal sufficiency. Of course, the time between the passing of the train and the discovery of the fire might be so long that the court could say, as a matter of law, that there was no connection between the two events, but that would depend upon the circumstances of each particular case. In those cases where reference was made to the short length of time, it appeared that the property to which the fire was communicated was highly inflammable and the fire was rapid in its progress. Some of the cases were where grass and other dry stuff caught fire from sparks, hence the rapid spread of the fire. In the

present case it is shown that, a short time before the train passed, there was no evidence of fire, and that the fire was discovered between two and three hours after the train passed. Fire communicated to the dry grass or paper would, of course, spread very rapidly, but, in the present case, when the fire reached the timbers composing the old platform or the lumber piled in stacks, whether directly from the sparks or from the burning grass or paper, it burned very slowly. That is shown by the fact that, while the fire was discovered burning in two stacks of lumber between two and three o'clock, it lasted until after daylight before those two stacks were completely consumed. This circumstance leads to the inference that the fire had been burning several hours when it was discovered, and it affords a strong inference, in the absence of proof of other possible causes, that the fire originated from sparks thrown from the engine. At least, under the circumstances of this case, we do not think that the trial court should have taken the case away from the jury, but should have left it to the jury to say whether or not it was fairly inferable that the fire was communicated from the engine.

The court therefore erred in directing a verdict, and the judgment is reversed, and the cause remanded for a new trial.